DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| R.W. Taylor Associates, Inc., et al., | ) | |
| | ) | CASE NO. 5:10 CV 256 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Gelrad, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This contract dispute was removed from the Summit County Court of Common Pleas on the basis of diversity jurisdiction.  Plaintiffs are located in Bath, Ohio, and defendant is a Connecticut limited liability company with its principal place of business in New York.  The Court referred this case to Magistrate Judge Limbert for general pretrial supervision.

Subsequently, plaintiffs moved for preliminary injunction (ECF 10), which was opposed by defendant (ECF 13).  Magistrate Judge Limbert conducted a hearing on plaintiffs' motion for injunctive relief and issued an Interim Report and Recommendation recommending that plaintiffs' motion for a preliminary injunction be denied.  ECF 18.  Plaintiffs' objected to the Report and Recommendation (ECF 19), which defendant opposed (ECF 20).

The Court had conducted a de novo review of the record and evidence before Magistrate Judge Limbert.  For the reasons contained herein, plaintiffs' objection to Magistrate Judge Limbert's Report and Recommendation is OVERRULED.

(5:10 CV 256)

## I.  BACKGROUND[1]

Defendant Gelrad is a limited liability company that provides consulting services to corporations to increase efficiency and effectiveness for processes, services and products through design, training, coaching, etc.  Gelrad utilizes independent contractors to provide these services to its clients.

Plaintiff R.W. Taylor Associates, Inc., and its principal, plaintiff Richard W. Taylor, Ph.D. (collectively, Taylor), was hired by Gelrad as an independent contractor to provide consulting services to Gelrad's clients.  This relationship was embodied in a written agreement on September 15, 2005 (2005 Agreement).  The relevant Gelrad client to which Taylor provided consulting services for the purposes of this litigation was British Petroleum (BP).

The 2005 Agreement contained, among other provisions, a "conflict of interest" provision which provided in relevant part: "[Taylor] will not work in any capacity with [Gelrad's] clients during the term of this agreement and for a year after the termination of the services provided by [Taylor] without the written permission of [Gelrad]."  The 2005 Agreement provided that its terms were controlled by the laws of the state of Connecticut and could be terminated by either party with 10 working days written notice.

While the 2005 Agreement was in effect, Taylor executed a contract with BP Exploration (Alaska) to provide consulting services directly from January 1, 2008 to June 30, 2008, which was later extended to December 31, 2009.  In November, 2008 and also while the 2005

---

[1] Plaintiffs have not objected to Magistrate Judge Limbert's factual findings.   The Court includes this brief factual summary in order to provide context to the review of plaintiffs' objections to Magistrate Judge Limbert's Report and Recommendation.

2

(5:10 CV 256)

Agreement was in effect, Taylor entered into another direct contract with BP - BP America

Production Company.

On December 3, 2008, Taylor gave written notice to Gelrad through an e-mail that he

was terminating the 2005 Agreement.  Taylor attempted to secure Gelrad's written permission to

work directly with BP, but Gelrad told Taylor he was expected to comply with the one-year non-

compete provision.

On January 11, 2009, Gelrad and Taylor entered into an "Amendment and Restatement"

of the 2005 Agreement (2009 Agreement).  There is no dispute that Gelrad was not aware at that

time of the first direct agreement between Taylor and BP, but it is disputed whether Gelrad was

aware of the second direct contract.

The 2009 Agreement also contained a one-year non-compete provision, but provided that

non-compete provision would not apply if Gelrad terminated the 2009 Agreement "without

cause."  Included in the 2009 Agreement was list of actions on the part of Taylor which would

constitute the basis for "for cause" termination, including, intentional fraud, breach of the

agreement, intentional engagement in competitive activity other breach of Taylor's duty of

loyalty or obligations to Gelrad under the agreement. A "for cause" termination of Taylor would

trigger the non-compete provision of the 2009 Agreement.

In October 2009, Taylor again sought a release from Gelrad of the non-compete

provision of the 2009 Agreement so Taylor could work directly for BP.  However, Gelrad

rejected Taylor's proposal and indicated that Gelrad would enforce the terms of the agreement.

The instant lawsuit ensued.

(5:10 CV 256)

In November 3, 2009, Taylor then filed an action for declaratory judgment regarding enforceability of the non-compete provision of the 2009 Agreement.  On December 11, 2009, Gelrad terminated the 2009 Agreement "for cause."  A "for cause" termination under the 2009 Agreement triggers the one-year non-compete agreement against Taylor.  Taylor then filed an amended complaint alleging breach of contract, tortious interference with business relationship, and wrongful termination.

## II.  MOTION FOR PRELIMINARY INJUNCTION
## AND REPORT AND RECOMMENDATION

Taylor's motion for preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure seeks to enjoin defendants from preventing plaintiffs from working for BP and interfering with the business relationship with BP.  In support of the motion for preliminary injunction, plaintiffs argue they are likely to succeed on the merits of the following claims in the first amended complaint:  breach of contract, tortious interference with business relationship, and wrongful termination.  ECF 10.

After conducting a hearing on plaintiffs' motion for injunctive relief, Magistrate Judge Limbert issued a thorough and lengthy Report and Recommendation recommending that plaintiffs' motion for preliminary injunction be denied.  In arriving at that recommendation, Magistrate Judge Limbert concluded that Taylor did not show a likelihood of prevailing on the breach of contract, tortious interference or wrongful discharge claims, or plaintiffs' claim that the non-compete provisions are not reasonable, and therefore not enforceable.   Continuing in his analysis, Magistrate Judge Limbert also recommends that the Court find that plaintiffs have not shown irreparable injury should the motion be denied, that there is the potential for substantial

4

(5:10 CV 256)

injury to Gelrad should the motion be granted, and that the public interest is served by upholding

the written conditions of a contract where all parties understood the conditions.

## III. STANDARD OF REVIEW AND DISCUSSION

Federal Rule of Civil Procedure 72 requires the Court to conduct a de novo review of any

part of a magistrate judge's disposition that has been properly objected to. Plaintiffs timely filed

an objection.

In objecting to Magistrate Judge Limbert's Report and Recommendation that plaintiffs'

motion for preliminary injunction be denied, plaintiffs state generally that the Report and

Recommendation contains "numerous errors" but lodge only one specific objection:

> "to the extent that the Interim Report adopts Defendant's argument
> regarding the invalidity of the 2009 Agreement based upon fraudulent
> inducement, and yet fails to grant preliminary injunction to prevent
> Defendant from enforcing the non-compete [sic] contained within
> the same 2009 Agreement. . . . If the 2009 Agreement is invalid,
> as concluded by the Interim Report and Defendant's Proposed
> Findings of Fact and Conclusions of Law . . . Plaintiffs' cannot
> be bound to the one-year non-compete contained within the same
> invalid 2009 Agreement."

ECF 19.

Plaintiffs' only specific objection relates to the likelihood of success on the merits of

their breach of contract claims regarding the 2009 Agreement if that agreement is invalid due to

fraudulent inducement. No objection is made to Magistrate Judge Limbert's conclusion that

plaintiffs are not likely to succeed on the merits of their tortious interference or wrongful

terminations claims. Further, no objection is made to Magistrate Judge Limbert's

recommendation that the Court find plaintiffs have not shown irreparable injury should the

5

(5:10 CV 256)

motion be denied, that there is the potential for substantial injury to Gelrad should the motion be granted, and that the public interest is served by upholding the written conditions of a contract where all parties understood the conditions.

Taylor objects to the Report and Recommendation "to the extent" that Magistrate Judge Limbert adopted defendants' argument that the 2009 Agreement is invalid due to fraudulent inducement.  Under that scenario, plaintiffs argue that they cannot be bound by a non-compete clause in an invalid agreement.

The Court has conducted a thorough de novo review of plaintiffs' objection and the record.  Plaintiffs' breach of contract claim is based on the 2009 Agreement.[2]  Magistrate Judge Limbert's recommendation that the Court find plaintiffs are unlikely to succeed on the merits of their breach of contract claim is based on an exhaustive analysis of applicable law under alternative scenarios of both the success and failure of defendant's fraudulent inducement defense to plaintiffs' claim of breach of the 2009 Agreement.

Taylor's objection focuses solely on the scenario in which Gelrad succeeds in its fraudulent inducement defense.  Plaintiffs' argues in their objection that if the 2009 Agreement is invalid due to fraudulent inducement, then plaintiffs cannot be bound by a non-compete provision in an invalid agreement.[3]  However, plaintiffs make no objection to Magistrate Judge

---

[2] Magistrate Judge Limbert's Report and Recommendation contains an exhaustive analysis of applicable law and alternative scenarios regarding the validity of the 2009 Agreement and defendant's defense of fraudulent inducement, and recommends under either of the alternative scenarios that plaintiffs are unlikely to succeed on the merits of the breach of contract claim.

[3] Taylor acknowledges that under Connecticut law, a party who has been fraudulently
(continued...)

6

(5:10 CV 256)

Limbert's alternative recommendation that the Court find plaintiffs unlikely to succeed on the merits of the breach of contract claim should the Court find that the 2009 Agreement controls.

The Court finds no error in Magistrate Judge Limbert's recommendation that the Court deny plaintiffs' motion for a preliminary injunction, even in light of plaintiffs' single narrow objection.  First, plaintiffs did not object to the portion of the Report and Recommendation concluding plaintiffs are unlikely to succeed on the merits of their breach of contract claim if the 2009 Agreement controls.  Whether defendant can establish fraudulent inducement remains to be determined.  Even if Gelrad can establish fraudulent inducement, plaintiffs acknowledge that Connecticut law provides for an election of remedies between affirmance and rescission.[4] Second, plaintiffs make no objection regarding Magistrate Judge Limbert's recommendation that plaintiffs are unlikely to succeed on the merits for their claims for tortious interference and wrongful termination.  Further, plaintiffs did not object to the Report and Recommendation's conclusion that the remaining three factors to be balanced when considering a motion for preliminary injunction weigh against granting the injunction.[5]

---

[3](...continued)
induced to enter a transaction may elect between rescission and affirmance of the contract. *Leisure Resort Technology, Inc. v. Trading Cove Associates*, 277 Conn. 21, 32, 889 A.2d 785, 792-93 (Conn. 2006).  Plaintiffs argue that by arguing the validity of the 2009 Agreement in opposition to the preliminary injunction motion, Gelrad has elected rescission.

[4] Plaintiffs argue that Gelrad has elected rescission by raising fraudulent inducement in opposition to plaintiffs' motion for preliminary injunction.

[5] 1) Plaintiffs will not suffer irreparable injury without the injunction; 2) issuance of the injunction would cause substantial harm to Gelrad; and 3) the public interest is served by enforcing agreed upon contract terms.

7

(5:10 CV 256)

## IV.  CONCLUSION

After conducting a de novo review of the single aspect of the Report and Recommendation to which plaintiffs have objected, and after considering the record and balancing the four factors to be considered when ruling on a preliminary injunction, the Court finds that Magistrate Judge Limbert's analysis and recommendation that the Court deny plaintiffs' motion for a preliminary injunction is well-supported.

Accordingly, Taylor's objection to the Report and Recommendation are OVERRULED and Taylor's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

<u>  August 30, 2010         </u>                  <u>   *s/ David D. Dowd, Jr.*           </u>
Date                                                           David D. Dowd, Jr.
                                                                   U.S. District Judge

8